UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JERRETT RHOADS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC.<br><br>    Defendant.[1] | No. 2:24-cv-00192 JHC<br><br>**ORDER** |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant United Airlines, Inc.'s unopposed motion for summary judgment. Dkt. # 17. The Court has reviewed the materials filed in support of the motion, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion and DISMISSES this matter with prejudice.

---

[1] The heading of Plaintiff's complaint lists "United Airlines, Inc., and Corporations A–Z" as Defendants but only lists "Defendant United Airlines, Inc." as the Defendant in the body of his complaint. Dkt. # 1-3 at 1–2. Thus, the Court does not consider "Corporations A–Z" as parties to this case.

ORDER
2:24-cv-00192 JHC

## II
### BACKGROUND

*Procedural History.*  Plaintiff commenced this action in King County Superior Court in early 2024.  Dkt. # 1.  Defendant removed the matter to this Court.  *Id.*

*Allegations.*  Plaintiff alleges that on March 2 or 3, 2022, and on October 21, 2023, he was employed by Delta Airlines and lawfully on the premises of Sea-Tac International Airport. Dkt. # 1-3.  He says that on both dates he was "violently assaulted" by Rodney Allan Austin, an employee of United.  *Id.*  He alleges that, just after the 2022 incident, he notified law enforcement and United of the assault, but Austin remained an employee of United and attacked him again.  *Id.*

*Claims*.  Plaintiff asserts claims against Defendant under the doctrine of respondeat superior and for negligent hiring and retention.  *Id.*

United moves for summary judgment.  Dkt. #  17.

## III
### DISCUSSION

*Summary Judgment Standards.*  The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To carry its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets its burden of production, the burden shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in

the nonmoving party's favor. *See id.* at 1103.

*Respondeat Superior.* United asserts that Austin's alleged conduct was outside the scope of his employment and that therefore it cannot be held liable for said conduct. *See Kuehn v. White*, 600 P.2d 679, 681–83 (Wash. Ct. App. 1979). Plaintiff presents no evidence to raise an issue of fact as to whether the alleged assaults were within the scope of Austin's employment. Nor does the Court see any in the record.

*Negligent Hiring.* United contends that no facts support the proposition that Austin was unfit as an employee when United hired him over three decades before the incident. *See Anderson v. Soap Lake School Dist.*, 423 P.3d 197, 206 (Wash. 2018). Plaintiff presents no evidence to raise an issue of fact as to this issue, or as to whether United failed to exercise reasonable care to discover unfitness before hiring Austin. *See id*. Nor does the Court see any in the record.

*Negligent Retention.* United says that it lacked sufficient notice of Austin being unfit as an employee before the October 21, 2023 incident. *See id*. Plaintiff presents no evidence to raise an issue of fact as to this issue, or as to whether United failed to exercise reasonable care to discover unfitness. *See id*. Nor does the Court see any in the record.

## IV
### CONCLUSION

For the above reasons, the Court GRANTS Defendant's summary judgment motion and DISMISSES this matter with prejudice.

/

/

/

ORDER
2:24-cv-00192 JHC

1  Dated this 9th day of April, 2025.

3  _____
   JOHN H. CHUN
4  UNITED STATES DISTRICT JUDGE

ORDER
2:24-cv-00192 JHC